UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID DARRELL SYKES,<br><br>                   Petitioner,<br><br>  v.<br><br>STEPHEN D. SINCLAIR,<br><br>                   Respondent. | No. C12- 5455 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for: October 19, 2012 |

Petitioner David Darrell Sykes filed a 28 U.S.C. § 2254 habeas petition challenging his 2008 jury conviction of one count of Custodial Assault. ECF No. 4.[1] Respondent has filed a motion to dismiss the petition as time-barred based on 28 U.S.C. § 2244(d). ECF No. 13. Petitioner filed a response and motion for summary judgment (ECF No. 14)[2], Respondent filed a response (ECF No. 15), and Petitioner filed a reply to the response (ECF No. 16). The Court agrees that the petition is time-barred and recommends that the petition be dismissed with prejudice.

**BACKGROUND**

Mr. Sykes was found guilty on December 9, 2008, by jury verdict of one count of Custodial Assault. ECF No. 13, Exh. 1. On December 22, 2008, the Grays Harbor County

---

[1] Mr. Sykes filed a second federal habeas petition challenging a different state court judgment (Clallam County Superior Court Cause No. 05-1-00489-3). *See Sykes v. Washington State, et al*, U.S. District Court Case No. C12-5454 RBL/KLS. Respondent has also challenged that petition in a motion to dismiss pursuant to 28 U.S.C. § 2244(d).

[2] The Court construes Petitioner's motion for summary judgment (ECF No. 14) as a response to Respondent's motion to dismiss and therefore, the motion (ECF No. 15) is **STRICKEN** from the Court's calendar.

REPORT AND RECOMMENDATION - 1

Superior Court imposed a sentence of one year and one day, to run consecutively to any other cause number pursuant to RCW 9.94A.589. *Id.*, Exh. 1, at 2-3.

On August 20, 2009, counsel for Mr. Sykes filed an opening brief in the Washington Court of Appeals. *Id.*, Exh. 3. Respondent, State of Washington, filed a brief in response. *Id.*, Exh. 4. On February 4, 2010, the Washington Court of Appeals issued an unpublished opinion that affirmed Mr. Sykes' conviction and sentence. *Id.*, Exh. 5. Mr. Sykes did not appeal the Washington Court of Appeals' decision to the Washington Supreme Court. The Washington Court of Appeals issued a mandate in Mr. Sykes' case on March 10, 2010. *Id.*, Exh. 6.

An ACORDS search for David Sykes reflects that Mr. Sykes did not file any other state court action as to his state court judgment in the Grays Harbor County Superior Court Cause No. 08-1-00214-7. *Id.*, Exh. 7.[3]

## FEDERAL HABEAS GROUNDS FOR REVIEW

Mr. Sykes presents the Court with four grounds for federal habeas review:

(1) The conviction is illegal on its face, void, and in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment Rights.

(2) Petitioner was denied due process of law guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution because Petitioner was not afforded an unbiased trial or appellate counsel.

(3) Petitioner is the victim of malicious prosecution and false imprisonment and a 1986 New Jersey state conviction was illegally held against him at trial.

(4) That Petitioner has been illegally held in prison since March 26, 2011.

ECF No. 4, pp. 7, 11-12, 15, and 17 (CM/ECF pagination).

---

[3] Exhibit 7 reflects numerous cases involving a person named David Lee Sykes. The Petitioner in this federal habeas proceeding is David Darrell Sykes.

REPORT AND RECOMMENDATION - 2

# DISCUSSION

**A.     28 U.S.C. § 2244(d) One-Year Statute Of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions.  28 U.S.C. § 2244(d).   A petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court is untimely when it is filed more than one year after the underlying judgment becomes final.  *Id*.  The U.S. Supreme Court has held that 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, ___ U.S. __, 130 S. Ct. 2549, 2560 (2010).

The federal statute of limitations is statutorily tolled during "all of the time which a state prisoner is attempting, through proper use of state court procedure, to exhaust state court remedies with regard to a particular post-conviction application."  *Harris v. Carter,* 515 F.3d 1051, 1053 n. 3 (9th Cir. 2008).  The U.S. Supreme Court has held "that time limits, no matter their form, are 'filing' conditions.  Because the [Pennsylvania] state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under section 2244(d)(2)."  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

28 U.S.C. § 2244(d)(1)(A) states the following:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

**(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

REPORT AND RECOMMENDATION - 3

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review **with respect to the pertinent judgment** or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) (emphasis added).

      The Washington Court of Appeals issued an unpublished opinion affirming Mr. Sykes' state court judgment on February 4, 2010.  ECF No. 13, Exh. 5.  Based on Washington Rule of Appellate Procedure (RAP) 13.4(a), he had 30 days to appeal that dismissal to the Washington Supreme Court.  He did not do so. Therefore, his state court judgment became final for federal habeas purposes on March 5, 2010.  The federal statute of limitations began running the next day, on March 6, 2010.  Mr. Sykes did not file for discretionary review in the Washington Supreme Court and he did not file any state court personal restraint petitions challenging his state court judgment.  *See* ECF No. 13, Exh. 7.  Therefore, the statute of limitations began to run on March 6, 2010, and it continued to run without interruption until Mr. Sykes filed his federal habeas petition in this Court on May 17, 2012 (ECF No. 4), twenty-six months later.

      Thus, Mr. Sykes' federal petition is untimely unless he can show that he is entitled to equitable tolling.

**B.     Equitable Tolling**

      In *Holland v. Florida*, ___ U.S. __, 130 S. Ct. 2549 (2010), the Supreme Court determined that 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases.  *See Holland*, 130 S. Ct. at 2560.  A petitioner is entitled to equitable tolling only if he shows (1) that

REPORT AND RECOMMENDATION - 4

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way to prevent a timely filing. *See Holland*, 130 S. Ct. at 2562-63 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The burden remains on the petitioner to satisfy both prongs before equitable tolling can be applied to his case. *Holland*, 130 S. Ct. at 2562-63 (emphasis added).

The statute of limitations may be tolled where extraordinary circumstances beyond a petitioner's control made it impossible for the petitioner to file a petition on time. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003); *Spitsyn v. Moore*, 345 F.3d 796, 799-802 (9th Cir. 2003). Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt*, 233 F.3d at 1148. The threshold necessary to obtain equitable tolling is very high. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). The petitioner bears a heavy burden of showing a right to equitable tolling. *Miranda*, 292 F.3d at 1065-66. *See also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (to be entitled to equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the **but-for** and proximate cause of his untimeliness."). (Emphasis added.)

Mr. Sykes states that his petition is timely because "the conviction is illegal on its face and void … and it should've been quashed…." ECF No. 4, p. 22 (*See* "Timeliness of Petition"). He also argues that prior convictions from New Jersey Superior Court and King County Court were improperly used in calculating his offender score. ECF No. 14, pp. 6-9. Mr. Sykes had ample opportunity to appeal these issues after his state court judgment was affirmed on February

REPORT AND RECOMMENDATION - 5

4, 2010.  ECF No. 13, Exh. 5.  He chose not to do so.  He provides no evidence of any external circumstance beyond his direct control that prevented him from timely exhausting his state court remedies in the Washington appellate courts or from filing his federal habeas petition.

In his reply (ECF No. 16), Mr. Sykes states that he could not have been expected to file a habeas petition while he was being held in segregation.  ECF No. 16, p. 9.  He raised a similar argument in Case No. C12-5454 which was rejected by this Court.  In that case, evidence reflected that Mr. Sykes had been held in segregation at the Stafford Creek Corrections Center (SCC) and the Washington Corrections Center (WCC) from approximately March 21, 2007 and January 21, 2009.  ECF No. 15, pp. 7-8 (therein).

The Ninth Circuit has held that deficiencies in a prison's legal resources may amount to an extraordinary circumstance warranting equitable tolling, and has allowed for factual development with a sufficient showing.  *See, e.g., Roy v. Lampert*, 465 F.3d 964, 970–75 (9th Cir. 2006)(evidence of extraordinary circumstances included absence of AEDPA material or knowledge of statute of limitations, and absence of relevant state law or "any meaningful federal material" in law library; evidence of diligence included complaints made regarding deficiencies in legal resources, a lawsuit challenging the sufficiency of the law library, and efforts made prior to transfer to facility with deficient law library); *Mendoza v. Carey*, 449 F.3d 1065, 1069–71 (9th Cir.2006) (absence of Spanish-language materials preventing knowledge of AEDPA deadline combined with a Spanish-speaking inmate's inability to find translation assistance until after deadline passed could constitute extraordinary circumstances); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147–48 (9th Cir. 2000) (absence of AEDPA material in law library until June 1998, in addition to the inmate's lack of independent knowledge of statute of limitations, could warrant equitable tolling).  Here, however, Mr. Sykes does not make a sufficient showing warranting

REPORT AND RECOMMENDATION - 6

either further factual development or his entitlement to equitable tolling. Mr. Sykes states only that Respondent is "presumptuous" and "frivolous" to claim that he could have filed a habeas petition while being held in segregation. ECF No. 16, p. 8. He does not even bother to state that his access to legal resources was limited during the time he was in segregation.

It is not enough to say that the facilities where he was held lacked sufficient materials or that the procedure to request the materials was inadequate. Mr. Sykes must provide specificity with regard to the alleged lack of access and the steps he took to diligently pursue his federal claims. He fails to do so. Moreover, this obligation to act diligently does not pertain solely to the filing of the federal habeas petition, rather it extends to an obligation that exists during the period that Mr. Sykes should have been exhausting his state court remedies as well.

Mr. Sykes fails to show that an external circumstance was a "but-for" cause that prevented him from filing his federal habeas petition in a timely manner. *See Allen*, 255 F.3d at 800. No conduct by the Respondents or the State impeded Mr. Sykes' ability to prepare and file his federal habeas petition in a prompt fashion. No circumstances, such as a lack of clarity in the law or legal unavailability of his claims prevented him from filing his habeas petition in a prompt fashion. He is not entitled to the application of equitable tolling. Therefore, his habeas petition is barred by the one-year statute of limitations period based on 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A

REPORT AND RECOMMENDATION - 7

petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 120 S.Ct. 1595, 1604 (2000).

There is nothing in the record that would support a conclusion that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## CONCLUSION

Mr. Sykes's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final. There are no extraordinary circumstances in his case that require the application of equitable tolling principles. Therefore, Mr. Sykes's federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

1   (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2   matter for consideration on **October 19, 2012**, as noted in the caption.

   **DATED** this 24th day of September, 2012.

                                         Karen L. Strombom
                                         United States Magistrate Judge

REPORT AND RECOMMENDATION - 9